# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| GUADALUPE BELTRAN-MOLINA, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 09-1080-CV-W-NKL-P |
| ) | Crim. No. 08-0244-03-CR-W-NKL |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Before the Court is Movant Guadalupe Beltran-Molina's ("Beltran-Molina") Motion to Vacate, Set aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. # 1]. For the following reasons, the Court denies the motion.

## I.  Factual Background

Pursuant to a plea agreement, on March 17, 2009, Beltran-Molina pleaded guilty to conspiracy to distribute methamphetamine. The plea agreement provided that Beltran-Molina was waiving his right to seek a downward departure or a sentence outside that prescribed by the United States Sentencing Guidelines; it also provided that he was waiving his right to appeal or file any post-conviction motions challenging his conviction or sentence. (Doc. # 47.) Beltran-Molina was sentenced to eighty-seven months' imprisonment. (Docs. ## 63-64.) Beltran-Molina did not appeal his conviction or sentence. On December 22, 2009, Beltran-Molina filed his pro se § 2255 motion. He is currently incarcerated in California.

## II. Discussion

Beltran-Molina seeks a sentencing reduction based upon the "Public Safety Factor" ("PSF") designation of "deportable alien" assigned to him by the Bureau of Prisons. He states that he is ineligible for certain placements and programs within the Bureau of Prisons because of that designation. Specifically, he states that he cannot: be housed in a minimum security facility; participate in a drug rehabilitation program which would reduce his time in prison; or be placed in a half-way house. He asserts that these facts constitute a violation of his equal protection, due process, and "Equal Right[s] Act" rights.

### A. Waiver of Right to Collaterally-Attack Sentence

Beltran-Molina fails to indicate why the waivers in his plea agreement should not be enforced. The United States Court of Appeals for the Eighth Circuit allows criminal defendants to waive their appellate and post-conviction rights. *See United States v. Andis*, 333 F.3d 886, 887 n. 2 (8th Cir. 2003) (en banc). The Supreme Court of the United States has stated that allowing "indiscriminate hearings in federal post-conviction proceedings . . . for federal prisoners under 28 U.S.C. § 2255 . . . would eliminate the chief virtues of the plea system speed economy, and finality." *Blackledge v. Allison*, 431 U.S. 63, 71 (1977). While there are narrow exceptions to the enforceability of such waivers, *see Andis*, 333 F.3d at 891-92, Beltran-Molina does not argue that his waivers are unenforceable.

### B. Substantive Claims

Even assuming that the waivers are invalid, Beltran-Molina does not present a claim upon which the Court could grant a sentence reduction. Section 2255 movants may

2

collaterally attack their sentences on four recognized grounds for relief: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of that authorized by law, and (4) the sentence is otherwise subject to collateral review. 28 U.S.C. § 2255(a); Rule 1, 28 U.S.C. foll. § 2255, (Rules Governing § 2255 Proceedings for the United States District Courts). Beltran-Molina appears to assert his motion under the first of these, stating that his sentence violated equal protection and due process constitutional guarantees.

However, Beltran-Molina's limited argument demonstrates that he is not challenging the sentence itself, but rather its execution – the PSF designation and disqualification from certain placements and programs. Such claims are not properly raised under § 2255; but they may be raised under 28 U.S.C. § 2241. *United States v. Tamayo*, 162 Fed. Appx. 813, 815 (10th Cir. 2006) (confirming that "collateral consequences of deportable alien status . . . do not provide for a downward departure of a defendant's sentence" under § 2255, but stating that such claims may be properly brought under § 2241 because they challenge the execution of a sentence). However, Courts may not alter sentences on § 2241 motions unless the arguments raised are first administratively exhausted by raising them with the Bureau of Prisons. *United States v. Chappel*, 208 F. 3d 1069, 1069-70 (8th Cir. 2000). It does not appear that Beltran-Molina has done so.

Even if Beltran-Molina had administratively exhausted his challenge to the PSF designation, this Court would not have jurisdiction over such a motion. Section 2241 motions must be filed in either the district in which a prisoner is incarcerated, in the District

of Washington, D.C., or in any district in which the Bureau of Prisons maintains a regional office. *McCoy v. United States Bd. of Parole*, 537 F. 2d 962, 964, 965-67 (8th Cir. 1976). Beltran-Molina is incarcerated in California and the Bureau of Prisons does not maintain a regional office in this district. *See* Federal Bureau of Prisons website, http://www.bop.gov/about/ro/index.jsp (last accessed April 8, 2010).

Even if the Court could consider Beltran-Molina's motion under § 2241, such a motion would have to be denied. PSF designations do not provide a basis for equal protection or due process claims. *See Mohalmmed v. Sullivan*, 866 F.2d 258, 260 (8th Cir. 1999) (stating that prison officials may consider immigration detainers in assessing a prisoner's security and custody classifications); *Tamayo*, 162 Fed. Appx. at 816 ("denying deportable aliens the opportunity to participate in certain pre-release programs does not violate equal protection"); *Becerra v. Miner*, 248 Fed. Appx. 368, 370 (3d Cir. 2007) ("[b]eing classified with a PSF of 'deportable alien' and its resulting consequences of disqualification for certain programs" does not violate due process rights). Beltran-Molina has pointed to no contrary authority.

The motion to vacate indicates no other basis upon which the Court could modify Beltran-Molina's sentence. *See generally* 18 U.S.C. § 3582(c) (providing that district courts may modify terms of imprisonment only in certain circumstances, which are not present in this case).

**C.     Evidentiary Hearing**

Unless the record "conclusively shows" that he is not entitled to relief, Beltran-Molina is entitled to an evidentiary hearing on his § 2255 motion. *See United States v. Regenos*, 405 F.3d 691, 694 (8th Cir .2005). It is clear on the face of this record that Beltran-Molina is not entitled to relief; therefore, no evidentiary hearing is needed.

### D. Certificate of Appealability

Similarly, a certificate of appealability should be issued only if Beltran-Molina can make a substantial showing of the denial of a constitutional right, debatable among reasonable jurists. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Beltran-Molina''s motion does not indicate a right to relief under any theory. Therefore, no certificate of appealability will be issued.

### III. Conclusion

Accordingly, it is hereby ORDERED that Beltran-Molina's motion to vacate [Doc. # 1] is DENIED.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: April 13, 2010
Jefferson City, Missouri